IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASAHI GLASS CO., LTD. and AGC FLAT GLASS NORTH AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 09-515-SLR |
| GUARDIAN INDUSTRIES CORP., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of October, 2011, having reviewed the parties' submissions and heard argument at the pretrial conference regarding several outstanding issues in the case, the court finds as follows:

1. **Anticipation**. Having reviewed the supplemented record with respect to the expert report of Dr. Horn, the court concludes that his opinion with respect to anticipation is not helpful to the jury. Dr. Horn did not clearly perform a limitation-by-limitation comparison of each claim to each prior art reference. *See Oxford Gene Tech. Ltd. v. Mergen, Ltd.*, 345 F. Supp. 2d 431, 435-37 (D. Del. 2004). Further, Dr. Horn's opinion provides that the disclosure of sub-stochiometric TiOx is "implied" in the disclosures of the two asserted prior art references. There is no proffer regarding inherent anticipation (i.e., that sub-stochiometric TiOx is always or "necessarily" disclosed), and it is not clear that anticipation may lie otherwise. Accordingly, Dr. Horn's opinion is not helpful to the jury (F.R.E. 702) and anticipation will not go forward at trial.

2. **Enablement and written description**. The court previously excluded Dr. Horn's opinions on these issues. (D.I. 185) Defendant seeks to proceed with these issues based on other factual evidence. As indicated at the pretrial conference, the court will require a proffer from defendant in this regard.

3. **The Tani reference**. The court understands the background of this issue is as follows. The Tani reference was utilized by the Japanese Patent Office in rejecting the Japanese counterparts to the patents in suit in 2005, but did not come to the attention of American counsel, nor was it identified by defendant as potential invalidating prior art. Dr. Horn was deposed in this case on April 12, 2011. In July 2011, the Tani reference was utilized by the PTO in rejecting the patents in suit on reexamination. Dr. Horn prepared a supplemental expert report (No. 3) on the reference. Defendant moved to file a (belated) summary judgment motion for invalidity based on Tani, which was denied by the court.

4. Given the unusual circumstances of the surfacing of the Tani reference only recently during reexamination, its importance to the PTO as potential invalidating art, and the importance of giving the Federal Circuit as thorough a record as is practicable, the court will allow defendant to present its obviousness theory based on the Tani reference at trial,[1] as follows: Defendant will make Dr. Horn available for deposition on his supplemental expert report at plaintiffs' request prior to trial. Plaintiffs' expert shall prepare and serve a responsive supplemental report and shall be available for a

---

[1] The court previously rejected plaintiffs' objection to Dr. Horn based on his qualifications as an expert. (D.I. 185) Plaintiffs primarily argue that Horn's supplemental expert report (No. 3) was untimely, not that Horn's methodologies were necessarily deficient.

telephonic deposition prior to trial.

5. **Inequitable conduct**. The court previously declined to allow defendant leave to amend to add new theories of inequitable conduct. (D.I. 174) Remaining at issue is whether defendant may present its theory that plaintiffs' withholding of U.S. Patent No. 5,209,835 ("Makino") from the PTO constituted inequitable conduct. Dr. Horn opined on the materiality of Makino in his expert report, which was timely disclosed. As such, defendant is permitted to try inequitable conduct based on Makino to the bench following the jury trial.

6. **Inventorship**. As mentioned above, the court previously denied defendant leave to amend to add new theories of inequitable conduct, these theories involving misrepresentations of inventorship in order to overcome prior art rejections. (D.I. 185) At the pretrial conference, defendant maintained that it timely disclosed invalidity theories based on incorrect inventorship during discovery; plaintiffs do not contest this point. (D.I. 190 at 14-15) To the extent defendant seeks to establish a violation of 35 U.S.C. § 102(f) through testimony of the inventors or other fact witnesses (*id.* at 16), the court will not preclude such a theory. As discussed at the pretrial conference (*Id.* at 36-38), the court will not preclude evidence of independent development by third parties (Dr. Vanderstraeten) insofar as it is relevant to secondary considerations of obviousness. The relevance of such testimony to obviousness (as compared to a § 102 defense) should be clearly delineated to the jury.

In furtherance of the foregoing, IT IS ORDERED that:

1. Defendant shall file with the court (and serve to plaintiffs) a copy of its proffer

with respect to the factual foundations for its 35 U.S.C. § 112 defenses on or before **Friday, October 7, 2011**.

2. Plaintiffs' expert shall prepare and serve a responsive supplemental report on or before **Monday, October 10, 2011**.

3. Both parties must provide their experts for deposition, telephonically or in person, by **Friday, October 14, 2011**.

_____
United States District Judge