IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASAHI GLASS CO., LTD. and AGC FLAT GLASS NORTH AMERICA, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GUARDIAN INDUSTRIES CORP., )<br>)<br>Defendant. ) | Civ. No. 09-515-SLR |

**MEMORANDUM ORDER**

WHEREAS, during the claim construction phase of this litigation, the parties identified a dispute with respect to whether the preambles of claim 16 of the '856 patent and claims 10-23[1] of the '938 patent and claim 16 of the '856 patent constitute limitations on the claims (D.I. 76 at 2);

WHEREAS, the court found no occasion to address the issue in resolving the parties' motions for summary judgment;

WHEREAS, the parties' joint proposed final jury instruction on "claim construction" references the "preamble **limitations** of claim 16 of the '856 patent and claims 10-23 of the '938 patent" (D.I. 199 at 32) (emphasis added); and

WHEREAS, it is necessary to resolve the parties' dispute prior to the jury charge;

NOW, THEREFORE, at Wilmington this 18th day of October, 2011, IT IS ORDERED that the preambles are construed to limit the claims to sputtering targets, for the reasons that follow.

---

[1] The parties' joint claim construction chart called out claims "10-22" of the '938 patent as disputed in this regard; AGC's claim construction briefs reference claims "10-23." (D.I. 76, D.I. 96 at 27; D.I. 109 at 14)

1. Claim 10 of the '938 patent begins with the preamble "A sputtering target comprising," and the claims 11-22 depending therefrom recite "The sputtering target according to claim 10, wherein . . . ." Claim 23 of the '938 patent recites "A method of making a sputtering target, the method comprising. . . ." Claim 16 of the '856 patent contains the preamble, "A sputtering target comprising a substrate and a target material formed on the substrate, wherein. . . ."

2. A preamble generally does not limit the claims, but may be properly construed as a limitation "if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim." *American Medical Systems, Inc. v. Biolitec, Inc.*, 618 F.3d 1354, 1358-59 (Fed. Cir. 2010) (citations omitted). The entire specification of the patents-in-suit is directed to sputtering targets, methods for making sputtering targets, and methods for using sputtering targets to apply film coatings to glass. *See Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (court must review "the entire patent to gain an understanding of what the inventors actually invented and intended to encompass by the claim") (quotation and internal ellipses omitted). The prosecution history demonstrates that the examiner understood the claims to be limited to sputtering targets. (D.I. 110-5 at JA-208) (Reasons for Allowance distinguishing prior art on the basis that it does not disclose that it is a sputtering target)

3. Claim 10 of the '938 patent cannot easily be understood without the preamble, as it is not clear what form of "target material" and "undercoat" are contemplated by the remainder of the claim. The preambles of claim 23 of the '938 patent and claim 16 of the '856 patent provide antecedent bases for the body of the

2

claim, as claim 23 recites "forming the sputtering target of claim 10,"[2] and claim 16 later refers to "the target material" introduced in the preamble. See *Symantec Corp. v. Computer Assocs. Int'l*, 522 F.3d 1279, 1288 (Fed. Cir. 2008) (preamble may be limiting where antecedent basis is provided). Because the preambles give meaning to the claims and properly define the invention, the court concludes that the preambles of claims 10-23 of the '938 patent and claim 16 of the '856 patent are limiting.

4. The court notes at this juncture that it has precluded Guardian from raising anticipation at trial. Guardian, however, is not foreclosed from arguing that non-sputtering target prior art renders the patents-in-suit obvious.

5. Lastly, the court's standard jury instructions provide that if a term is not specifically defined therein, the jury is to use the ordinary meaning of that term. It is not clear that an additional instruction on the "sputtering target" preambles need be given, however, the court will hear more on the issue at the charge conference.

_____
United States District Judge

---

[2] It is perhaps more accurate to state that the preamble of claim 10 provides the antecedent basis for the method of claim 23.