IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASAHI GLASS CO., LTD. AND AGC FLAT GLASS NORTH AMERICA, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civ. No. 09-515-SLR |
| GUARDIAN INDUSTRIES CORP., ) ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 11th day of March, 2013, having previously determined that defendant must pay plaintiffs' attorney fees in connection with their having to respond to defendant's post-trial briefing on inequitable conduct (D.I. 243), and having considered the materials submitted in connection with plaintiffs' motion for attorney fees (D.I. 254);

IT IS ORDERED, for the reasons that follow, that defendant must reimburse plaintiffs' fees in the amount of $23,658.

1. **Background.** Plaintiffs Asahi Glass Co., Ltd. and AGC Flat Glass North America, Inc. (collectively, "plaintiffs") filed the instant case against Guardian Industries Corp. ("defendant") alleging infringement of U.S. Patent Nos. 3,664,938 and 6,193,856 (collectively, the "patents-at-issue"). (D.I. 1) On December 14, 2011, defendant filed a post-trial brief alleging inequitable conduct in the prosecution of the patents-at-issue. (D.I. 239) On December 20, 2011, the court warned that defendant "may incur the costs of [plaintiffs'] response, if the court determines either that such grounds were procedurally barred or frivolous." (D.I. 240) Plaintiffs filed their responsive brief on

January 5, 2012. (D.I. 243) On August 20, 2012, the court found, in relevant part, that defendant's theories of inequitable conduct were either devoid of merit or procedurally barred and ordered defendant to pay plaintiffs' reasonable costs in preparing and filing their responsive brief on inequitable conduct ("responsive brief"). (D.I. 250 at 45; D.I. 252)

2. Following the court's order, the parties have been unable to reach an agreement regarding the amount of plaintiffs' fees for which defendant is responsible. (See D.I. 267) Plaintiffs now move for reasonable attorney fees for the preparation and filing of the responsive brief, pursuant to this court's memorandum opinion and order. (D.I. 254) Plaintiffs believe that at least 60 hours of attorney time (40 hours of associate attorney time and 20 hours of partner attorney time) and 5 hours of paralegal time were appropriate for the preparation of their responsive brief. (D.I. 255 at 2-3) The responsive brief was written by partner attorney Michael D. Kaminski and associate attorney Arial Fox Johnson, both of Foley & Lardner LLP. Fox Johnson also researched the brief. A paralegal, Mary Ann Cochran, managed the documents and exhibits referenced in the briefs and coordinated filing of the brief with local counsel. Plaintiffs assert that, at the time, Kaminski's hourly rate was $690, Fox Johnson's hourly rate was $290, and Cochran's hourly rate was $220. (D.I. 256, ex. A) Thus, under the lodestar method, plaintiffs request a total of $26,500 ($25,400 for attorney fees and $1100 for paralegal fees).[1] Defendant contends that the parties' failure to resolve the issue is "due primarily to the surprising lack of documentation of the fees billed to

---

[1] Plaintiffs only seek attorney and paralegal fees; they do not seek fees for local counsel or costs. (D.I. 265 at 3)

2

[plaintiffs]." (D.I. 262 at 1)

3. **Standard.** The court calculates attorney fees pursuant to the "lodestar" approach. *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates. *Id.* The court may exclude from the lodestar calculation unnecessary hours or hours that lack proper documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing community market rates assist the court in determining a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing party bears the burden of establishing the reasonableness of both the time expended and the hourly rates. *Hensley*, 461 U.S. at 434; *Blum*, 465 U.S. at 895 n.11.

4. Calculation of the lodestar does not end the inquiry, as the court may adjust the lodestar upward or downward. A district court may use twelve factors[2] (the "Johnson factors") to adjust the lodestar. *Hensley*, 461 U.S. at 434. A court "can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 434-37). A court may not sua sponte reduce a request for attorney fees. *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989) However, "the district court

---

[2]The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." *Id.* at 721. The party who asks for the fees to be adjusted has the burden of proving an adjustment is necessary. *Stenson*, 465 U.S. at 898.

5. **Discussion.** Defendant objects to the amount of fees requested by plaintiffs. It asserts that plaintiffs' submission is not supported by sufficient documentation showing the number of hours spent on the responsive brief or the appropriate hourly rates. (D.I. 262 at 1) According to defendant, "it is quite possible that [plaintiffs' counsel] did not spend [60 hours of attorney time and 5 hours of paralegal time] on the work or that [plaintiffs] were not billed for this amount of time." (*Id.* at 2) Defendant also finds fault with plaintiffs' invoices showing the asserted hourly rates because the invoices presumably reflect rates for Washington, D.C., not Delaware. (*Id.*)

a. The court begins by determining whether the documentation adequately reflects the hours claimed by plaintiffs. Plaintiffs concede that their contemporaneous records, in the form of invoices, do not reflect the 20 partner attorney hours (for Kaminski), 40 hours associate attorney hours (for Fox Johnson), and 5 paralegal hours (for Cochran) they claim.[3] (D.I. 265 at 5) Rather, two itemized invoices, dated January 11, 2012 and February 14, 2012, reflect a total of 6.5 hours of

---

[3]Kaminki explains that he chose to discount the time and fees billed to plaintiffs in connection with the responsive brief because of the already-high cost of trial, the belief that defendant's theories of inequitable conduct were meritless, and the importance of plaintiffs as clients. (D.I. 266 at ¶¶ 3, 11) Whether or not plaintiffs were actually billed for time is inapposite to determining an award of fees; the court has awarded fees using the lodestar approach in instances where counsel was retained on a contingent fee basis. *See, e.g., Lyon v. Whisman*, Civ. No. 91-289, 1994 U.S. Dist. LEXIS 20542, at *18 (D. Del. Dec. 8, 1994).

4

work by Kaminski, 30.2 hours of work by Fox Johnson, and 8 hours of work by Cochran.[4] (D.I. 266, ex. A) Nevertheless, plaintiffs maintain that the time they are claiming for preparing and filing their responsive brief is justified and, in an effort to be "safe and fair," even reduced from the actual time spent on the matter. (D.I. 265 at 3-4; D.I. 266 at ¶¶ 4-10)

        b. Where contemporaneous time records were not maintained, a fee award can be based on a detailed and reliable reconstruction of the time spent. *Amico v. New Castle County*, 654 F. Supp. 982, 998-99 (D. Del. 1987). "While mere estimates of time are not sufficient, an allowance of attorney fees may be based on reconstruction, provided that the records are substantially reconstructed and are reasonably accurate." *Id.* at 998. In *Amico*, a law partner submitted an affidavit claiming 271.6 hours but only had contemporaneous records reflecting a portion of that time. For the time without contemporaneous records, the partner submitted "very specific detail, relating each event in which he participated." *Id.* at 999. Such specificity allowed the court to conclude that all of the partner's claimed hours were properly documented. *Id.* Here, Kaminski asserts in a declaration that he is claiming 20 hours, even though he "spent more than 35 hours . . . working on matters related to [the responsive brief]." (D.I. 266 at ¶ 4) He asserts, more specifically, that he spent at least

---

[4]Plaintiffs did not originally submit any documentation supporting the claimed number of hours. In their reply brief to the instant motion, plaintiffs attached, for the first time, declarations and invoices to reflect some of those hours. (D.I. 266) As reservation of material for the reply brief violates Local Rule 7.1.3(c)(2), the court grants defendant's motion for leave to file a surreply to the instant motion. (D.I. 268) The proposed surreply brief attached to defendant's motion is deemed filed and served. (*Id.*, ex. 1)

5

4 hours reviewing defendant's opening brief, alerting plaintiffs to the filing, and mentioning the anticipated response and briefing schedule; at least 8 hours further reviewing defendant's opening brief, speaking with Fox Johnson about the response, and discussing issues to be researched; at least 15 hours reviewing case law, reviewing initial drafts of the responsive brief, and preparing arguments for the brief; and at least 15 hours finalizing the responsive brief and verifying the collection of the appropriate supporting exhibits.[5] (Id. at ¶¶ 7-10) He also provided the days during which each of these activities took place. (Id.) Although there may be some imprecision in Kaminski's reconstruction of his time, the court is satisfied that he spent at least 20 hours on the responsive brief.[6] Therefore, the court finds that there is documentation adequately reflecting 20 hours of partner attorney time.

      c. With respect to Fox Johnson, there is proper documentation for only 30.2 of the 40 hours claimed for her work. Plaintiffs have not offered any sufficient reconstruction of her time beyond the 30.2 hours reflected by the invoices, instead urging the court to take judicial notice of facts of which it is aware. (D.I. 265 at 5) (citing Lyon, 1994 U.S. Dist. LEXIS 20542). However, their request is unavailing. In Lyon, this court gave credit for undocumented time based on its knowledge that an attorney spent

---

[5]As the court only awarded plaintiffs their costs for preparing and filing the responsive brief on inequitable conduct, the court does not consider Kaminki's declaration that he also spent 3 hours reviewing defendant's reply brief on inequitable conduct. (D.I. 266 at ¶ 10)

[6]The amount of time typically spent on an inequitable conduct responsive brief of the length filed in the instant case also corroborates Kiminski's reconstruction reflecting that he spent more than 6.5 hours preparing and filing the brief. He is the only partner attorney who worked on and reviewed the responsive brief.

6

time in relevant proceedings before the court. *Id.* at *16 n.9. Here, the court has no such factual knowledge of the time that Fox Johnson actually spent researching and writing plaintiffs' responsive brief.

d. The court next turns to the reasonableness of the amount of time spent in connection with the responsive brief. Defendant's opening brief on inequitable conduct was 27 pages long and accompanied by more than 550 pages of documentation. (D.I. 239) Plaintiffs' responsive brief was 24 pages long and included 84 pages of supporting documentation. (D.I. 243) The responsive brief was also plaintiffs' only opportunity in briefing to respond to defendant's theories of inequitable conduct, which threatened to render the patents-at-issue unenforceable, so plaintiffs' legal team likely spent substantial time preparing it. Accordingly, the court finds that 20 partner hours, 30.2 associate attorney hours, and 5 paralegal hours are reasonable in this case for preparing and filing the responsive brief.[7]

e. Finally, the court finds that plaintiffs' asserted hourly rates are reasonable for the relevant market, in this case outside counsel handling a patent infringement case in Delaware. The asserted hourly rates of $690 for Kaminski, $290 for Fox Johnson, and $220 for Cochran are supported by a redacted invoice dated December 8, 2011, as well as the itemized invoices dated January 11, 2012 and February 14, 2012.[8] (D.I. 256, ex. A; D.I. 266, ex. A) The attorney rates are also

---

[7]The court declines to upwardly adjust the documented 30.2 associate attorney hours or to award more paralegal time than the 5 hours that plaintiffs request.

[8]The invoice dated February 14, 2012 shows Kaminki's hourly rate to be $695.54, slightly higher than the rate of $690 requested in the instant motion. (D.I. 266, ex. A)

7

consistent with the American Intellectual Property Law Association's Report of the Economic Survey 2011 ("the AIPLA Report"), which plaintiffs attached as an exhibit to their briefing on the instant motion. (D.I. 256, ex. B) The AIPLA Report indicated that, in 2010, the median hourly rate for partners in a firm of more than 150 intellectual property lawyers, such as Foley & Lardner LLP, was $600 and that the median hourly rate for associate attorneys in such a firm was $390. (Id.) While Fox Johnson's rate is well below the associate attorney median identified by the AIPLA Report, Kaminski's rate is slightly above the partner median. Nevertheless, Kaminski's rate is reasonable, given that he is a patent litigator with 25 years of experience and that the stakes were high in the matter – defendant's inequitable conduct argument, if successful, would have led to the unenforceability of plaintiffs' patents. (D.I. 266 at ¶ 2)

  f. Insofar as defendant has not demonstrated any sufficient justification for reducing this award, the *Johnson* factors do not mandate a downward adjustment. Therefore, plaintiffs shall be awarded 20 hours of law partner time at an hourly rate of $690, 30.2 hours of associate attorney time at an hourly rate of $290, and 5 hours of paralegal time at an hourly rate of $220, for a total of $23,658:

$$20 \times \$690 + 30.2 \times \$290 + 5 \times \$220 = \$23,658.$$

6. **Conclusion.** For the foregoing reasons, the court grants plaintiffs' motion for attorney fees and awards plaintiffs $23,658.

_____
United States District Judge